# EXHIBIT A

## IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| **JUDSON MCKINNEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **SHANNON FORREST and** | ) | |
| **RENEGADE ROACH, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT

---

Plaintiff Judson McKinney ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants Shannon Forrest and Renegade Roach, LLC for Forrest's failure to account for proceeds earned from jointly owned copyrights, false designation of origin and false endorsement under the Lanham Act, violations of the Tennessee Consumer Protection Act, and breach of fiduciary and statutory duties arising from Forrest's misappropriation and unauthorized exploitation of Plaintiff's creative works, brand, and business interests in the musical project *Renegade Roach*. Plaintiff and Forrest jointly created at least sixteen (16) original sound recordings and related copyrighted works as part of a collaborative venture. Forrest has misrepresented the project as solely his own, used Plaintiff's name, image, likeness, and branding without authorization, diverted revenues, and withheld company records and the masters. Plaintiff seeks declaratory and injunctive relief, damages, an accounting, and all other relief to which he is entitled under federal and Tennessee law.

## I.    THE PARTIES

1.    Plaintiff Judson McKinney is an individual residing in Williamson County, Tennessee. Plaintiff is a professional musician, songwriter, and recording artist with more than two decades of experience writing, producing, and performing music.

2.    Plaintiff has collaborated with numerous musicians in Nashville and beyond, but his most significant recent project has been his co-creation of the band and brand known as "Renegade Roach."

3.    Defendant Shannon Forrest is an individual residing in Williamson County, Tennessee. Forrest is a professional drummer, producer, and music industry figure who has worked with a wide range of artists, including as a touring member of the band Toto.

4.    Forrest collaborated with Plaintiff on the creation of the musical band and project "Renegade Roach" but has since wrongfully excluded Plaintiff from the venture.

## II.    JURISDICTION AND VENUE

5.    This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to Tenn. Code Ann. § 16-11-102, because this action arises from joint authorship and co-ownership of copyrighted works, unauthorized use of intellectual property, violations of the Tennessee Consumer Protection Act, and other equitable matters within the Chancery Court's authority.

6.    This Court has personal jurisdiction over Defendant Shannon Forrest because he is a resident of Tennessee and has committed acts giving rise to this action within the state.

7.    Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101.

## III.    FACTUAL ALLEGATIONS

8.    Beginning in or around 2021, Plaintiff and Forrest embarked on a collaborative musical project under the name "Renegade Roach."

9.     The parties, through their conduct and collaborative efforts, treated Renegade Roach as a joint musical project, with contributions and interests intended to be shared equally.

10.     Together, Plaintiff and Forrest wrote, performed, and recorded at least sixteen (16) original sound recordings (the "Masters"), along with the corresponding musical compositions, stems, mixes, session data, and related copyrighted works (collectively, the "Works").

11.     Plaintiff contributed substantial creative labor to the Works, including writing, performing, recording, and developing the overall sound and artistic direction of the project.

12.     The parties' joint authorship was not merely conceptual but publicly documented. For example, the Renegade Roach YouTube channel (@JudsonMcKinneyAndTheWanderers) features live-streamed recording sessions where Plaintiff and Forrest appeared together, demonstrating their shared role in creating the Masters.

13.     Renegade Roach developed an independent social media presence, including an official Instagram account that has grown to more than 30,000 followers. This account showcases the band's music and branding.

14.     Despite this shared creative and commercial foundation, Forrest has engaged in a course of conduct designed to deprive Plaintiff of control, recognition, and financial benefit as a co-owner and author of the Works.

15.     Specifically, Forrest is withholding the Masters and project files, providing Plaintiff only incomplete "live takes" incapable of commercial licensing and exploitation.

16.     Forrest has retained unilateral control over all Renegade Roach accounts, including email, social media, and online sales platforms, thereby excluding Plaintiff from accessing or managing the project.

17.     Forrest has also diverted revenues from streaming, merchandise, licensing, and performances entirely to himself, refusing to provide Plaintiff with any accounting or share of the profits.

18.     Forrest's exclusion of Plaintiff was accompanied by deliberate misrepresentations to the public, including presenting Renegade Roach as solely his creation and omitting Plaintiff's role as co-founder, songwriter, and performer.

19.     Forrest also commercially exploited the logo incorporating Plaintiff's initials "JM" (the "Logo") on merchandise, promotional materials, and social media without Plaintiff's consent, including on the Renegade Roach merchandise website.

20.     Forrest further used Plaintiff's image and likeness in promotional content without authorization and exploited the Renegade Roach brand to cross-promote unrelated ventures, including his work with Toto, creating consumer confusion and falsely implying Plaintiff's endorsement.

21.     Forrest engaged in conduct that has the effect of creating consumer confusion and misrepresenting the origin, authorship, and endorsement of Plaintiff and Renegade Roach's music, branding, and merchandise.

22.     Forrest's misconduct extended beyond the music and brand. He registered Renegade Roach, LLC in 2022 and represented to Plaintiff that he was a member of that entity.

23.     Despite written demand for the same that complied with Tenn. Code Ann. §§ 48-249-308 and 61-1-403, Forrest has withheld all company records, including the operating agreement, membership records, tax filings, bank information, and financial statements, and has denied Plaintiff any access to the LLC's business affairs.

24.     Forrest's concealment of records and diversion of revenues has limited Plaintiff's ability to participate in management and decision-making and has obstructed transparency regarding the venture's financial operations.

25.     Plaintiff has repeatedly sought to resolve these issues directly with Forrest, engaging in numerous communications in an effort to obtain the Masters, project files, financial records, and recognition of his contributions. Despite Plaintiff's good-faith efforts, Forrest consistently failed to engage in meaningful discussions or provide substantive responses, leaving Plaintiff with no choice but to seek legal counsel.

26.     On August 15, 2025, Plaintiff, through counsel, issued a formal written demand letter to Forrest (the "Demand Letter") requiring delivery of the project files, a complete accounting of revenues and expenditures, and immediate cessation of misrepresentations regarding ownership and control of Renegade Roach. (*See* **Exhibit 1**.)

27.     Forrest has not provided the requested materials.

28.     As a result of Forrest's actions, Plaintiff has suffered loss of revenue, exclusion from decision-making, and diminished professional recognition, while being denied access to the Masters and other copyrighted works he co-owns and co-authored.

## II.     CLAIMS FOR RELIEF

### Count I - Unjust Enrichment and/or Money Had and Received

29.     Plaintiff is a co-owner of valid copyrights in the Works. The Works constitute "joint works" under 17 U.S.C. § 101. A joint work is created when two or more authors contribute copyrightable material with the intention that their contributions be merged into a single, inseparable, or interdependent work.

5

30.      Plaintiff and Forrest jointly created at least sixteen (16) original sound recordings and related works as part of their "Renegade Roach" collaboration. Plaintiff contributed substantial creative labor to these Works, including writing, performing, recording, and developing the artistic direction. Their joint authorship was publicly documented on the Renegade Roach YouTube channel (@JudsonMcKinneyAndTheWanderers), which features live-streamed sessions showing Plaintiff and Forrest performing together.

31.      As a joint author and co-owner, Plaintiff holds an undivided interest in the entire Works. Each co-author has the right to exploit the Works but must account to the other co-authors for any profits derived from such exploitation.

32.      Forrest has commercially exploited the Works to the exclusion of Plaintiff, retaining control over the Masters, project files, social media, and sales platforms, and has withheld all revenues from streaming, merchandise, licensing, and performances.

33.      Forrest has refused to provide any accounting or share of profits to Plaintiff, despite his legal duty to do so.

34.      Forrest is in possession of Plaintiff's funds and has refused to return the same. It would be inequitable for Forrest to keep Plaintiff's funds.

35.      Therefore, Plaintiff is entitled to an accounting and half of all revenues, which Forrest has unlawfully withheld.

### Count II – False Designation of Origin & False Endorsement (15 U.S.C. § 1125(a))

36.      This claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.      Forrest has used designations, including the Renegade Roach name, the Logo incorporating Plaintiff's initials "JM," and Plaintiff's image and likeness, in interstate commerce.

38. Forrest promoted Renegade Roach as his "solo project" on his Instagram account @theshannonD and referred to Renegade Roach as "MY BAND" in an Instagram post to his 15,000 followers. Forrest has also used the Logo on merchandise, promotional materials, and social media without Plaintiff's consent, and has used Plaintiff's image and likeness in promotional content without authorization.

39. Forrest's use of these designations was likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Forrest's goods or services.

40. Forrest's misrepresentation of Renegade Roach as solely his creation, use of Plaintiff's initials, image, and likeness without authorization, and exploitation of the Renegade Roach brand to cross-promote unrelated ventures, including his work with Toto, created consumer confusion regarding the origin, authorship, and endorsement of Renegade Roach's music, branding, and merchandise.

41. Plaintiff has been harmed by Forrest's actions.

42. As a result of Forrest's actions, Plaintiff has suffered financial losses, damage to his reputation, and loss of control over his intellectual property and name, image, and likeness.

## Count III - Violation of the Tennessee Consumer Protection Act

43. Forrest engaged in unfair or deceptive acts or practices affecting trade or commerce in violation of Tenn. Code Ann. § 47-18-104 including but not limited to: (a) falsely passing off goods or services as those of another; (b) causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; and (c) creating confusion or misunderstanding as to affiliation, connection, or association with another.

44. Specifically, Forrest misrepresented Renegade Roach as solely his creation, used Plaintiff's initials, image, and likeness without authorization, and created consumer confusion

7

regarding the origin, authorship, and endorsement of Renegade Roach's music, branding, and merchandise.

45.     Forrest's unfair or deceptive acts or practices occurred in the course of trade or commerce, including the marketing, promotion, sale, and distribution of music, merchandise, and related services.

46.     As a direct and proximate result of Forrest's conduct, Plaintiff suffered loss of money and property, including diverted revenues from streaming, merchandise, licensing, and performances.

### Count IV - Breach of Fiduciary Duty

47.     Plaintiff and Forrest co-owned and co-created Renegade Roach.

48.     Forrest represented to Plaintiff that he was a member of Renegade Roach, LLC, which Forrest registered in 2022. Alternatively, the parties were engaged in a common-law partnership.

49.     As co-owners and participants in the entity (whether as LLC members or partners), Plaintiff reasonably relied on Forrest to act in good faith and to manage the venture's affairs in a manner consistent with Plaintiff's rights and interests.

50.     Based on these facts, Forrest owed duties to Plaintiff, including the duty of loyalty and the duty of care, whether under Tenn. Code Ann. § 48-249-403 or Tenn. Code Ann. § 61-1-404.

51.     Forrest breached these duties by withholding the Masters and project files, retaining unilateral control over all Renegade Roach accounts, diverting all revenues to himself, withholding company records (including financial statements, bank information, tax filings, and operating agreements), and denying Plaintiff access to the LLC's business records.

52.     As a result of Forrest's actions, Plaintiff has suffered financial losses, including lost profits and lost licensing revenue, and loss of control over the venture, while Forrest has retained all revenues and control over its operations.

<strong><u>Count V - Access to Records</u></strong>

53.     Pursuant to Tenn. Code Ann. § 48-249-308 and/or Tenn. Code Ann. § 61-1-403, Plaintiff is entitled to access to all Renegade Roach, LLC or partnership records, including a full accounting of all assets, revenues, expenses, and profits related to Renegade Roach, LLC or the partnership.

54.     Plaintiff has made a proper demand for these records and yet Defendants have refused to provide access to the same.

<strong>III.     <u>PRAYER FOR RELIEF</u></strong>

**WHEREFORE**, Plaintiff respectfully demands:

1. A declaratory judgment that Plaintiff is a co-owner of the copyrights in the Works;

2. An order requiring Forrest to provide a full accounting of all revenues, expenses, and profits related to the exploitation of the jointly owned Works and the Renegade Roach brand, pursuant to Plaintiff's rights as a co-owner and as a member or partner;

3. A permanent injunction prohibiting Forrest from further misrepresenting the origin, authorship, or endorsement of the Renegade Roach project and from using Plaintiff's name, image, and likeness without authorization;

4. An award of actual damages for violations of the Tennessee Consumer Protection Act, in an amount to be determined at trial, which may be trebled for willful violations pursuant to Tenn. Code Ann. § 47-18-109;

5. Disgorgement of all profits improperly retained by Defendants from the exploitation of the Works and the Renegade Roach brand;

6. Pre- and post-judgment interest at the maximum amount as allowed by law;

7. Attorneys' fees and costs pursuant to Tenn. Code Ann. § 47-18-109 and/or Tenn. Code Ann. § 48-249-308(d); and

8. Such other and further relief as the Court deems just and proper.


Respectfully submitted,


s/ Michael A. Johnson
Michael A. Johnson (#030210)
V. Hollis Hoggard (#042400)
JOHNSON EVANS & HEADRICK, P.C.
222 2nd Avenue South, Suite 1250
Nashville, TN, 37201
615.747.7704
mjohnson@je.legal
*Attorneys for Plaintiff*

ELECTRONICALLY FILED
2025 Sep 10 12:04 PM - 25CV-55039
Williamson County, Clerk & Master

# EXHIBIT
# 1



JOHNSON
EVANS &
HEADRICK

Michael A. Johnson
Matthew J. Evans
Daniel C. Headrick
Brian E. Berger
Paige A. Coleman
Richmond S. Hall
V. Hollis Hoggard

Michael A. Johnson
mjohnson@je.legal

222 Second Ave. South
Ste 1250
Nashville, TN 37201
615-747-7701

August 15, 2025

**VIA EMAIL AND CERTIFIED MAIL**

Mr. Shannon Forrest
1711 Warren Hollow Rd
Nolensville, TN 37135
brainisabomb@yahoo.com
goudymac@yahoo.com
goudymac2@yahoo.com
sfdrum@aol.com
sfdrum@mac.com

**RE:    MISAPPROPRIATION OF "RENEGADE ROACH" ASSETS AND BREACH OF COMMON LAW, STATUTORY, AND FIDUCIARY DUTIES**

Dear Mr. Forrest:

This firm represents Judson McKinney in connection with the jointly created musical compositions, sound recordings, and related intellectual property of "Renegade Roach." Over the last few years, you and Mr. McKinney worked together to write, record, and perform at least sixteen original sound recordings (the "Masters"), along with the associated compositions, stems, mixes, etc. (collectively, the "Works"). This letter serves as formal notice of your ongoing violations of Mr. McKinney's rights and a demand for immediate corrective action to remedy the harm caused.

From the inception of the parties' collaboration, Mr. McKinney contributed substantial creative labor—including writing, recording, and performing—and invested years of his professional career into developing "Renegade Roach" into a commercially viable project. Despite this, you have engaged in a persistent course of conduct aimed at marginalizing Mr. McKinney and restricting his access to the Works. This conduct includes, without limitation, withholding the Masters and project files, delivering incomplete "live takes" incapable of commercial licensing, and excluding Mr. McKinney from business and licensing decisions even after he has repeatedly requested access.

Consistent with this conduct, you have misrepresented "Renegade Roach" as your "solo project," prominently displaying this claim to over 15,000 followers on your Instagram account, and in an Instagram post explicitly referring to the project as "MY BAND". However, under the Copyright Act, 17 U.S.C. § 201(a), when two or more authors create a work jointly without a

Nashville
Atlanta
Knoxville
Austin

johnsonevans.law

Case 3:25-cv-01214    Document 1-1    Filed 10/20/25    Page 13 of 23 PageID #: 18

written agreement stating otherwise, each joint author holds an undivided interest in the entire work. Each co-owner has the right to independently license, distribute, or otherwise exploit the work, provided that they account to the other co-owner for one-half of any profits. *Thomas v. Larson*, 147 F.3d 195, 199 (2d Cir. 1998) (each joint author has the right to use or license the work independently, subject to accounting to the other co-owner). By denying Mr. McKinney access to the Masters, excluding him from licensing and distribution opportunities, and failing to provide an accounting of revenues, you have unlawfully deprived him of both the economic benefits and professional opportunities to which he is entitled as a co-owner under the Copyright Act.

Your misconduct further extends to the unauthorized use of the "Renegade Roach" logo, which incorporates Mr. McKinney's initials, "JM," as well as the use of his image across websites and social media pages associated with the project. You have employed these assets on merchandise, promotional materials, and branding without Mr. McKinney's consent. This misappropriates his identity and creates a likelihood of confusion in the public and industry perception, in violation of the Lanham Act, 15 U.S.C. § 1125(a), which prohibits false endorsement and false designation of origin, and exposes you to liability for damages, disgorgement of profits, and attorneys' fees. Similarly, under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq*., such deceptive trade practices expose you to treble damages. By retaining exclusive control over all accounts, passwords, and online sales platforms, keeping all revenue for yourself, and using the brand in contexts unrelated to the joint project—including personal promotion and work with Toto—you have compounded the false impression of Mr. McKinney's involvement, further violating his rights.

Lastly, you have repeatedly claimed—both privately and publicly—that an LLC exists for Renegade Roach and that you included Mr. McKinney as a member. You formed Renegade Roach, LLC in 2022 and registered it with the Tennessee Secretary of State. You have nonetheless failed to provide the operating agreement, formation documents, or financial records, preventing Mr. McKinney from verifying the LLC's existence, understanding its governance, participating in decision-making, or assessing his legal and financial rights. As a member, you are required under the Tennessee Revised Limited Liability Company Act, Tenn. Code Ann. §§ 48-249-308, -406, to act with loyalty and care toward all members, provide full access to company records, maintain transparency in all dealings, and ensure fair treatment of every member. Your concealment and refusal to provide access to these records constitutes a breach of statutory duties. Your conduct has, at a minimum, created a legal partnership under Tennessee law, which carries equivalent duties to share profits and losses equally, provide full access to partnership books and records, and account for all financial transactions. *See* Tenn. Code Ann. §§ 61-1-401(b), -403. Your persistent refusal to provide records, share information, or allow Mr. McKinney meaningful participation in business and financial decisions violates these statutory obligations, unlawfully deprives him of his rightful financial and managerial interests, and constitutes an independent basis for civil liability.

Accordingly, Mr. McKinney demands that, within five (5) business days of the date of this letter, you take the following actions:

1.     Provide a full written accounting of all revenues, expenses, and profits from the Works, including—but not limited to—merchandise sales, licensing

fees, streaming revenues, and performance income, together with supporting documentation.

2. Deliver complete and usable copies of the Masters and all related project files, including stems, mixes, and session data.

3. Provide an accounting of all monies received from the use of the "Renegade Roach" logo and brand.

4. Provide all entity or partnership records required by law, including any operating agreement, membership records, tax filings, sales reports, and expense records.

5. Provide access to all band social media and other accounts.

Once we have received these documents, including a full accounting of all monies received by you, we will follow up with a demand for damages to remediate the harm caused to our client.

If you fail to comply with these demands within the stated period, our client will be forced to initiate legal proceedings to enforce Mr. McKinney's rights. Such proceedings will include claims for violation of his co-ownership rights under the Copyright Act, false endorsement and false designation of origin under the Lanham Act, enforcement of your obligations to provide access to LLC or partnership records and financial accounting under the Tennessee Revised Limited Liability Company Act and/or the Tennessee Uniform Partnership Act, judicial dissolution of the LLC or partnership under Tenn. Code Ann. §§ 48-249-616 or 61-1-801, violation of the Tennessee Consumer Protection Act, and breach of fiduciary duty.

Finally, by this letter, we formally demand that you take all steps necessary to preserve and maintain any and all documents and electronically stored information relating to Renegade Roach, including communications with Mr. McKinney, any collaborators, business partners, vendors, or third parties associated with the project. Under the Tennessee Rules of Civil Procedure, Rule 34, and applicable case law, the destruction, alteration, or failure to preserve such evidence may constitute spoliation and may subject you to civil or equitable sanctions. Electronic information may be stored on computers (personal or work), smartphones, tablets, flash drives, external hard drives, backup tapes, cloud storage, or any other media. Physical records may exist in offices, homes, storage units, or other locations. In particular, all copies of the Masters and any associated project files, stems, mixes, or production materials stored on any hard drives or other media must be preserved in their entirety. The types of documents and information you are required to preserve include, but are not limited to:

1. The Masters and any and all copies of the Works.

2. Contracts, agreements, licensing arrangements, and financial records relating to Renegade Roach, merchandise, or music revenues.

3. Text messages, emails, direct messages, social media posts or messages

(including Instagram, Facebook, and other platforms), letters, and any other written communications regarding Renegade Roach.

4. Phone records, call logs, or communications relating to business dealings, licensing, or promotional activities involving Renegade Roach.

To comply with this preservation obligation, you must immediately suspend any deletion, overriding, automatic purging, or other destruction of electronic information that may relate to this matter. Similarly, no physical documents, files, or records potentially relevant to this matter may be destroyed or discarded.

This letter is not intended as a complete statement of facts, and nothing herein or omitted herefrom shall be construed as, nor shall it constitute, an admission of any fact or a waiver, relinquishment, or limitation of any of our client's present or future rights or remedies, whether legal, equitable, or otherwise, as all are reserved.

Sincerely,

Michael A. Johnson

# STATE OF TENNESSEE
# SUMMONS

## IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE

JUDSON MCKINNEY
**Plaintiff**

**CIVIL ACTION NO.** 25CV-55039-H

**Plaintiff**

**vs.**

**Service By:**
□ Sheriff
☒ **Attorney** / Private Process
□ Sec. Of State
□ Comm. Of Insurance

SHANNON FORREST
**Defendant**
1711 Warren Hollow Rd., Nolensville, TN 37135
**Defendant**

**Defendant**

To the above named Defendant:

Shannon Forrest

Johnson Evans & Headrick, P.C.

You are hereby summoned and required to serve upon c/o Michael A. Johnson plaintiff's attorney, whose address is 222 Second Ave. South, Suite 1250 Nashville, TN 37201          , an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witnessed and issued, Jakob L. Schwendimann, Clerk and Master for said Court at office this 10 day of September, 20 25.

Jacqueline Edwards,
**Clerk & Master/Deputy**

## NOTICE:

To the defendant(s):  Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the terms you wish to claim as exempt with the clerk of the court.  The list may be filed at any time and may be changed by you thereafter as necessary;  however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed;  these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books.  Should any of these items be seized, you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.  Mail list, including docket number, to:  Clerk and Master, P.O.Box 1666, Franklin, TN 37065.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

Check *one*: (1) or (2) are for the return of an authorized officer or attorney; an attorney's return must be sworn to; (3) is for the witness who will acknowledge service and requires the witness's signature.

❑   1.     I certify that on the date indicated below I served a copy of this summons on the witness stated above by _____

❑   2.     I failed to serve a copy of this summons on the witness because

_____

❑   3.     I acknowledge being served with this summons on the date indicated below:

DATE OF SERVICE: _____

SIGNATURE OF WITNESS, OFFICER OR ATTORNEY: _____
ADDRESS OF PROCESS SERVER (TRCP 4.01) _____
Signature of Notary Public or Deputy Clerk: _____

Commission Expires: _____

---

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case no. _____ to the defendant _____, on the _____ day of _____, 20_____.
I received the return receipt, which had been signed by _____
on the _____ day of _____, 20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master.

_____    _____
Signature                                     Address (TRCP 4.01)

Sworn to and subscribed before me on this __ day of _____ 20____.

_____     Commission Expires: _____
Signature of Notary Public or Deputy Clerk

---

## CERTIFICATION (IF APPLICABLE)

I hereby certify this to be a true and correct copy of the original summons issued in this case.

Jaqualene Edwards
CLERK & MASTER

DC

---

**For ADA assistance, please call ADA coordinator: 615-790-5466**

# STATE OF TENNESSEE
# SUMMONS

### IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE

JUDSON MCKINNEY
**Plaintiff**

**Plaintiff**

**vs.**

RENEGADE ROACH, LLC
**Defendant**

c/o United States Corporation Agents, Inc.
**Defendant**

5865 Ridgeway Center Pkwy., Ste. 384
**Defendant**   Memphis, TN 38120-4032

CIVIL ACTION NO. 25CV-55039-H

Service By:
□ Sheriff
☒ **Attorney** / Private Process
□ Sec. Of State
□ Comm. Of Insurance

To the above named Defendant:

Renegade Roach, LLC

Johnson Evans & Headrick, P.C.

You are hereby summoned and required to serve upon c/o Michael A. Johnson
plaintiff's attorney, whose address is 222 Second Ave. South, Suite 1250
Nashville, TN 37201_____, an answer to the complaint which is herewith served
upon you within thirty (30) days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint.

Witnessed and issued, Jakob L. Schwendimann, Clerk and Master for said
Court at office this 10 day of September, 20 25.

Jacqueline Edwards
**Clerk & Master/Deputy**

### NOTICE:

To the defendant(s): Tennessee law provides a ten thousand dollar ($10,000.00)
personal property exemption from execution or seizure to satisfy a judgment. If a
judgment should be entered against you in this action and you wish to claim
property as exempt, you must file a written list, under oath, of the terms you wish
to claim as exempt with the clerk of the court. The list may be filed at any time
and may be changed by you thereafter as necessary; however, unless it is filed
before the judgment becomes final, it will not be effective as to any execution or
garnishment issued prior to the filing of the list. Certain items are automatically
exempt by law and do not need to be listed; these include items of necessary
wearing apparel (clothing) for yourself and your family and trunks or other
receptacles necessary to contain such apparel, family portraits, the family Bible,
and school books. Should any of these items be seized, you would have the right
to recover them. If you do not understand your exemption right or how to
exercise it, you may wish to seek the counsel of a lawyer. Mail list, including
docket number, to: Clerk and Master, P.O.Box 1666, Franklin, TN 37065.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

Check one: (1) or (2) are for the return of an authorized officer or attorney; an attorney's return must be sworn to; (3) is for the witness who will acknowledge service and requires the witness's signature.

❏ 1. I certify that on the date indicated below I served a copy of this summons on the witness stated above by _____

❏ 2. I failed to serve a copy of this summons on the witness because _____

❏ 3. I acknowledge being served with this summons on the date indicated below:

DATE OF SERVICE: _____

SIGNATURE OF WITNESS, OFFICER OR ATTORNEY: _____
ADDRESS OF PROCESS SERVER (TRCP 4.01) _____
Signature of Notary Public or Deputy Clerk: _____

Commission Expires: _____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case no. _____ to the defendant _____, on the _____ day of _____, 20_____.
I received the return receipt, which had been signed by _____
on the _____ day of _____, 20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master.

_____     _____
Signature                                               Address (TRCP 4.01)

Sworn to and subscribed before me on this ___ day of _____ 20____.

_____     Commission Expires: _____
Signature of Notary Public or Deputy Clerk

## CERTIFICATION (IF APPLICABLE)

I hereby certify this to be a true and correct copy of the original summons issued in this case.

Jacqueline Edwards
CLERK & MASTER

For ADA assistance, please call ADA coordinator: 615-790-5466

# STATE OF TENNESSEE
# SUMMONS

## IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE

JUDSON MCKINNEY
**Plaintiff**

**Plaintiff**

**vs.**

RENEGADE ROACH, LLC
**Defendant**
c/o United States Corporation Agents, Inc.
**Defendant**
5865 Ridgeway Center Pkwy., Ste. 384
**Defendant**  Memphis, TN 38120-4032

CIVIL ACTION NO. 25CV-55039-H

Service By:
☐ Sheriff
☒ **Attorney** / Private Process
☐ Sec. Of State
☐ Comm. Of Insurance

To the above named Defendant:

Renegade Roach, LLC

Johnson Evans & Headrick, P.C.

You are hereby summoned and required to serve upon c/o Michael A. Johnson
plaintiff's attorney, whose address is 222 Second Ave. South, Suite 1250
Nashville, TN 37201          , an answer to the complaint which is herewith served
upon you within thirty (30) days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint.

Witnessed and issued, Jakob L. Schwendimann, Clerk and Master for said
Court at office this 10 day of September, 2025.

**Clerk & Master/Deputy**

## NOTICE:

To the defendant(s): Tennessee law provides a ten thousand dollar ($10,000.00)
personal property exemption from execution or seizure to satisfy a judgment. If a
judgment should be entered against you in this action and you wish to claim
property as exempt, you must file a written list, under oath, of the terms you wish
to claim as exempt with the clerk of the court. The list may be filed at any time
and may be changed by you thereafter as necessary; however, unless it is filed
before the judgment becomes final, it will not be effective as to any execution or
garnishment issued prior to the filing of the list. Certain items are automatically
exempt by law and do not need to be listed; these include items of necessary
wearing apparel (clothing) for yourself and your family and trunks or other
receptacles necessary to contain such apparel, family portraits, the family Bible,
and school books. Should any of these items be seized, you would have the right
to recover them. If you do not understand your exemption right or how to
exercise it, you may wish to seek the counsel of a lawyer. Mail list, including
docket number, to: Clerk and Master, P.O.Box 1666, Franklin, TN 37065.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

Check one: (1) or (2) are for the return of an authorized officer or attorney; an attorney's return must be sworn to; (3) is for the witness who will acknowledge service and requires the witness's signature.

❏ 1. I certify that on the date indicated below I served a copy of this summons on the witness stated above by _____

❏ 2. I failed to serve a copy of this summons on the witness because _____

❏ 3. I acknowledge being served with this summons on the date indicated below:

DATE OF SERVICE: _____

SIGNATURE OF WITNESS, OFFICER OR ATTORNEY: _____
ADDRESS OF PROCESS SERVER (TRCP 4.01) _____
Signature of Notary Public or Deputy Clerk: _____

Commission Expires: _____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case no. _____ to the defendant _____, on the _____ day of _____, 20_____.
I received the return receipt, which had been signed by _____
on the _____ day of _____, 20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master.

_____     _____
Signature                                               Address (TRCP 4.01)

Sworn to and subscribed before me on this __ day of _____ 20____.

_____          Commission Expires: _____
Signature of Notary Public or Deputy Clerk

## CERTIFICATION (IF APPLICABLE)

I hereby certify this to be a true and correct copy of the original summons issued in this case.

Jacqueline Edwards
CLERK & MASTER

For ADA assistance, please call ADA coordinator: 615-790-5466

# AFFIDAVIT OF SERVICE

| Case: 25CV-55039 | Court: Chancery Court for Williamson County, Tennessee | County: Williamson, TN | Job: 14122407 (5253731) |
|---|---|---|---|
| Plaintiff / Petitioner: Judson Mckinney | | Defendant / Respondent: Renegade Roach, LLC, Shannon Forrest | |
| Received by: Moonlighters Enterprises | | For: Johnson Evans & Headrick, P.C. | |
| To be served upon: Renegade Roach, LLC c/o US Corporation Agents, Inc. | | | |

I, Blair Lynch, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Renegade Roach, LLC c/o US Corporation Agents, Inc. by serving Brynne Barlow, administrator , Home: 5865 Ridgeway Center Pkwy Suite 384, Memphis, TN 38120

**Manner of Service:** Personal Service, Sep 17, 2025, 8:30 am CDT

**Documents:** Renegade Roach LLC to be Served.pdf (Received Sep 10, 2025 at 2:38pm CDT)

**Additional Comments:**
1) Successful Attempt: Sep 17, 2025, 8:30 am CDT at Home: 5865 Ridgeway Center Pkwy Suite 384, Memphis, TN 38120 received by Renegade Roach, LLC c/o US Corporation Agents, Inc. by serving Brynne Barlow, administrator . Age: 35; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'7"; Hair: Red; Eyes: Blue;

Blair Lynch     Date     9-25-25

Moonlighters Enterprises
44 N Second Street Suite 503
Memphis, TN 38103
9012897411

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date     Commission Expires 11/29/27



**ServeIT**
by InfoTrack