UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JUDSON MCKINNEY, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 3:25-cv-01214 |
| | ) | |
| SHANNON FORREST and | ) | |
| RENEGADE ROACH, LLC, | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

## MEMORANDUM OPINION

Before the Court is Judson McKinney's motion to dismiss Shannon Forrest and Renegade Roach, LLC's Counterclaim for declaratory relief, accounting, breach of contract, and unjust enrichment under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 12). The motion is fully briefed and ripe for decision. (Doc. Nos. 13, 14, 16). For the following reasons, the motion will be denied.

## I. BACKGROUND AND FACTUAL ALLEGATIONS[1]

Forrest and McKinney are professional musicians who collaborated on musical projects under the name "Renegade Roach." (Doc. No. 9 at 8 ¶¶ 7–9). They jointly owned and authored at least 16 recordings the ("Sound Recordings") and musical compositions ("Compositions"). (Id. ¶¶ 9–12). Forrest formed Renegade Roach, LLC ("LLC") as the entity through which Renegade Roach did its business. (Id. ¶ 13). The LLC was a shell entity that never had any expenses, engaged in any activities, generated any revenue, or paid any taxes, and was administratively

---

[1] The Court relies upon the factual allegations in the Counterclaim (Doc. No. 9 at 7–15), assumes the truth of those allegations, and construes them and reasonable inferences from them in Counter-Plaintiffs' favor for purposes of ruling on the motion to dismiss. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007).

dissolved in August 2025. (Id. ¶ 14). Forrest paid for all costs associated with the LLC's formation and all other expenses associated with the Renegade Roach brand, contributing more than $200,000 of his own money. (Id. ¶¶ 16, 17). McKinney made no financial contributions. (Id. ¶ 18).

Forrest alleges that he and McKinney had an agreement that Forrest would recuperate money he contributed to Renegade Roach. (Id. ¶ 19). However, despite distribution of Sound Recordings and Compositions, as well as merchandise, no profit was realized. (Id. at 9–10 ¶¶ 20–22). Forrest has never denied McKinney access to the Sound Recordings. (Id. ¶ 23). And McKinney has usurped at least one licensing opportunity with respect to the Sound Recordings and Compositions, to the exclusion of Forrest. (Id. ¶ 26).

## II.     LEGAL STANDARD

"The legal standard for motions to dismiss counterclaims follows the same standard as other motions to dismiss under Rule 12(b)(6)." Selby v. Schroeder, 567 F. Supp. 3d 841, 845 (M.D. Tenn. 2021) (citation omitted). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cooperrider v. Woods, 127 F.4th 1019, 1027 (6th Cir. 2025) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))). When assessing a Rule 12(b)(6) motion to dismiss, the Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018). Then, the Court must "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Id. (internal citations omitted). "While the complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions'" or "'a formulaic recitation of a cause of action's elements[.]'" Ryan v. Blackwell,

2

979 F.3d 519, 524 (6th Cir. 2020) (quoting <u>Twombly</u>, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (internal citation omitted).

**III.**     <u>**ANALYSIS**</u>

The Counterclaim sufficiently pleads declaratory relief, breach of contract, and unjust enrichment. The request for an accounting is not technically a claim but a form of relief if liability is established.

<u>Count I: Declaratory Relief</u>

The Counterclaim "seeks a declaration that [Forrest] is a joint author, co-owner, and qualified copyright claimant of the Sound Recordings and Compositions, owning one hundred percent (100%) of his particular authorship interest in the same which is indivisible." (Doc. No. 9 at 11 ¶ 33). It also seeks a declaration that Forrest is the sole owner and member of the LLC and that McKinney is not entitled to anything related to the LLC. (<u>Id.</u> ¶ 34). McKinney responds that Forrest's declaratory judgment claim is not justiciable as it pertains to the Sound Recordings and Compositions because he and Forrest co-own and co-authored the Sound Recordings and Compositions. (Doc. No. 13 at 4–5). McKinney also seeks a declaratory judgment that he is a co-owner of the copyrights in the Sound Recordings, Compositions, and related material. (Doc. No. 1-1 at 3 ¶ 10, 9 ¶ 1). Therefore, McKinney requests in the alternative that the Court decline to decide Forrest's declaratory judgment request because it is duplicative of the Complaint. (Doc. No. 13 at 5). As it pertains to the LLC, McKinney argues that Counter-Plaintiffs' request must fail because the publicly filed documents show that the LLC has two members. (<u>Id.</u> at 6–7).

"The Declaratory Judgment Act provides that '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be

sought.'" <u>W. World Ins. Co. v. Hoey</u>, 773 F.3d 755, 758 (6th Cir. 2014) (quoting 28 U.S.C. § 2201). "Federal courts, and federal district courts in particular, have 'unique and substantial discretion in deciding whether to declare the rights of litigants.'" <u>Id.</u> (citation omitted). Five factors guide exercise of discretion ("Grand Trunk factors"):

> (1) whether the declaratory action would settle the controversy;
>
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata";
>
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> (5) whether there is an alternative remedy which is better or more effective.

<u>Grand Trunk W. R. Co. v. Consol. Rail Corp.</u>, 746 F.2d 323, 326 (6th Cir. 1984).

On the first and second factors, despite McKinney's protestations that there is no controversy regarding the Sound Recordings and Compositions and that Forrest's request is duplicative, there is clearly a controversy between them regarding their respective ownership and authorship interests in the Sound Recordings, Compositions, and LLC. The Counterclaim is not a "mirror image" of the Complaint, there is overlap. McKinney's claims implicate some of the same issues as the declaratory relief, but there is not "complete identity of factual and legal issues between the [C]omplaint and the [C]ounterclaim." <u>Nashville Supergroup, LLC v. Bridges</u>, No. 3:22-CV-00824, 2025 WL 2813884, at *5 (M.D. Tenn. Sept. 29, 2025) (citation omitted). Further, they dispute whether they have excluded each other from business opportunities related to Renegade Roach. A declaratory action would settle and clarify their respective rights, responsibilities and obligations.

4

The other Grand Trunk factors are not contested.  The third factor, whether Forrest and the LCC are engaged in "procedural fencing" or to win a race for res judicata, does not arise here with respect to the Sound Recordings and Compositions, as all parties request declaratory judgment. Further, the Counterclaim aligns with the Complaint that this Court has jurisdiction and proper venue.  See Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 558 (6th Cir. 2008).  Neither do the parties contest the fourth or fifth Grand Trunk factors.  Therefore, the Grand Trunk factors support the Court's exercise of jurisdiction over the request for declaratory judgment.

McKinney also argues that declaratory judgment on the LLC must be dismissed because the articles of organization[2] already state that the LLC has two members.  (Doc. No. 13 at 6). Forrest disagrees and argues that he has plausibly pled that he is the sole member of the LLC, regardless of what the articles of organization say.  (Doc. No. 14 at 14).  "An LLC must have at least one member."  Parigin v. Mills, No. E201600640COAR3CV, 2017 WL 1032740, at *6 (Tenn. Ct. App. Mar. 16, 2017) (citing Tenn. Code Ann. § 48-249-501(c)).  When LLC membership is disputed, courts look to various sources to resolve the issue, including not just articles of organization and operating agreements, but "[t]he parties' conduct before and after formation."  Heatherly v. Off the Wagon Tours, LLC, No. M201901582COAR3CV, 2021 WL 3722155, at *4 (Tenn. Ct. App. Aug. 23, 2021) (citing Parigin, 2017 WL 1032740, at *7-8).  The Counterclaim alleges sufficient facts regarding the parties' conduct that, accepted as true, plausibly

---

[2] McKinney attached the LLC's articles of organization as an exhibit to the motion to dismiss, which were filed with the Tennessee Secretary of State.  The articles say, "Number of Members at the date of filing: 2."  (Doc. No. 13-1 at 2).  The Court can take judicial notice of public records in ruling on a motion to dismiss.  See New England Health Care Emps. Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003), holding modified on other grounds by Merck & Co. v. Reynolds, 559 U.S. 633 (2010) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.").

5

entitle Forrest to relief. Specifically, Forrest claims that he formed the LLC with the Secretary of State, including paying for all costs, making him the sole member. (Doc. No. 9 ¶¶ 13, 15). Therefore, it would be premature to dismiss the request for declaratory relief.

Count II: Accounting

McKinney argues that the "Accounting" claim fails because accounting is an equitable remedy under Tennessee law, not an independent cause of action. (Doc. No. 13 at 10).[3] The Court agrees. As this Court has previously explained, "An accounting is an equitable remedy which allows the court to determine the extent of a misallocation of expenses and the damages resulting therefrom when there is fiduciary relationship between the parties." Lubber, Inc. v. Optari, LLC, No. 3:11-0042, 2011 WL 4738264, at *10 (M.D. Tenn. Oct. 6, 2011) (citation omitted). Accordingly, a request for an accounting does not state an independent cause of action. Therefore, the Court construes Count II as a request for the equitable remedy of an accounting, which will be reserved for the remedies stage, if liability is established..

Counts III and IV: Breach of Contract and Unjust Enrichment

McKinney argues that Forrest's breach of contract claim fails because he does not plausibly allege that the parties had a meeting of the minds. (Doc. No. 13 at 7). He argues that Forrest's allegations that they had an oral agreement are conclusory and the alleged agreement's terms are vague. (Id. at 8). Forrest disagrees. (Doc. No. 14 at 16–17).

To state a claim for breach of contract under Tennessee law, a plaintiff must show "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of contract." BancorpSouth Bank, Inc. v. Hatchel, 223

---

[3] Of note, despite claiming that Accounting is not a freestanding cause of action, McKinney also asserts a claim for "Access to Records," in which he seeks "a full accounting of all assets, revenues, expenses, and profits related to Renegade Roach, LLC or the partnership." (Doc. No. 1-1 ¶ 53).

6

S.W.3d 223, 227 (Tenn. Ct. App. 2006) (citations and quotation marks omitted). Tennessee also recognizes that oral contracts can be valid. See Davidson v. Holtzman, 47 S.W.3d 445, 453 (Tenn. Ct. App. 2000) ("An oral agreement is enforceable, but the party seeking to enforce it must prove (1) mutual assent to the contract's terms and (2) that the terms are sufficiently definite to be enforceable.").

Forrest alleges that he and McKinney had a binding oral agreement that Forrest would be repaid the money he contributed to Renegade Roach, the Compositions, and the Sound Recordings before any profits were split. (Doc. No. 9 at 13 ¶ 45). Forrest also claims that he and McKinney agreed that they would recognize each other as joint authors and owners "in any exploitation of the Sound Recordings, Composition[s], and in the operations of Renegade Roach." (Id. ¶ 46). He asserts that McKinney breached this agreement by failing to repay him and acknowledge him as a co-author and co-owner, damaging him. (Id. 48). These are simple but straightforward allegations that suffice for notice pleading requirements, which McKinney "dramatically overstate[s]." Hill v. Ardent Health Servs., 806 F. Supp. 3d 711, 718 (M.D. Tenn. 2025) (quoting Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.")). Forrest has plausibly pled the elements of a breach of contract claim at the motion to dismiss stage.

Forrest also pleads unjust enrichment, in the alternative to breach of contract, alleging that McKinney has benefited from his financial contributions to Renegade Roach, to his detriment. (Doc. No. 14 at 18; Doc. No. 9 at 14 ¶ 51). McKinney's only argument is that Forrest fails to state a claim because he admits that Renegade Roach made no profits that McKinney can benefit from. (Doc. No. 13 at 9–10).

In Tennessee, "[u]njust enrichment is a quasi-contractual theory or is a contract implied-in-law in which a court may impose a contractual obligation where one does not exist." Whitehaven Cmty. Baptist Church v. Holloway, 973 S.W.2d 592, 596 (Tenn. 1998) (citation omitted). "Courts will impose a contractual obligation under an unjust enrichment theory when: (1) there is no contract between the parties or a contract has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation." Id. (citation omitted). "The elements of an unjust enrichment claim are: 1) [a] benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit; and 3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." Freeman Indus., LLC v. Eastman Chem. Co., 172 S.W.3d 512, 525 (Tenn. 2005) (citation and quotation marks omitted). "The most significant requirement of an unjust enrichment claim is that the benefit to the defendant be unjust." Id. (citations omitted). "The plaintiff must further demonstrate that he or she has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract." Id. (citations omitted).

Regardless of whether Renegade Roach has profited, Forrest plausibly pleads that McKinney has benefitted from his financial contributions, including by not making any financial contributions himself to Renegade Roach and usurping a licensing opportunity to the exclusion of Forrest. (Doc. No. 9 at 9 ¶ 18, 10 ¶ 26). As the Supreme Court of Tennessee has explained, a benefit need not be direct to be actionable under an unjust enrichment theory, but can be indirect or incidental. Freeman, 172 S.W.3d at 525 (citations omitted). Accordingly, the unjust enrichment claim will not be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss (Doc. No. 12) will be denied. An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

9